BILL COOK V. THE STATE.

No. 10039.   Delivered March 24, 1926.

**Possessing Intoxicating Liquor—Evidence—Search and Seizure—Not Involved.**

Where on a trial for possessing intoxicating liquor, for the purpose of sale, it is shown that appellant driving a stripped down Ford, was ordered by officers to halt, whereupon he jumped from the car with a gunny sack in his hands containing two gallons of whiskey, and ran away, leaving the whiskey in the road. We perceive nothing in this testimony even remotely suggesting that it was obtained in violation of law.

Appeal from the District Court of Camp County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Porter & Porter* of Greenville, and *Everett Bryson* and *J. A. Guest* of Pittsburg, for the appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Camp County of possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The record presents two bills of exception, each complaining of the refusal of the court to instruct the jury not to consider testimony, claimed to have been obtained in violation of the law. We are not in accord with the contention of appellant in either instance. According to the testimony it is shown without contradiction that appellant, riding in a stripped-down Ford car, approached the place where the state witness was. Upon being ordered to halt, appellant jumped out of the car, having a gunny sack in his hand with two gallons of whiskey in same. Appellant ran away leaving the whiskey in the road. It was picked up by the state witness who testified that the contents of the sack was whiskey, and that he picked it up in the road where appellant dropped it. We perceive nothing in this testimony even remotely suggesting that it was obtained in violation of law. The proposition seems too plain to need citation of the statute or discussion of its application.

The evidence amply sustaining the verdict, the judgment is affirmed.

*Affirmed.*